ELENA GOLDSTEIN, Acting Solicitor of Labor
SUSAN G. KUMLI, Acting Regional Solicitor
JOSHUA P. FALK, Senior Trial Attorney
District of Columbia Bar No. 976713
United States Department of Labor
Office of the Solicitor
300 Fifth Ave, Suite 1120
Seattle, WA 98104
Telephone: 206-757-6759
Facsimile: 206-757-6761
Email: falk.joshua@dol.gov

Attorneys for Plaintiff,
Martin J. Walsh, Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br>       vs.<br><br>CELESTIAL SOFTWARE, INC.; an Oregon corporation; CELESTE EDMAN, an individual; TODD EDMAN, an individual; and LUNAR LOGIC 401(K) PLAN, an employee benefit plan,<br><br><br>                Defendants. | Case No.:<br><br><br><br>COMPLAINT FOR VIOLATION OF ERISA |

Complaint for Violations of ERISA            1

Plaintiff MARTIN J. WALSH, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR (the "Secretary"), brings this action against CELESTIAL SOFTWARE, INC., an Oregon corporation (the "Company"), CELESTE EDMAN, an individual, TODD EDMAN, an individual, and LUNAR LOGIC 401(K) PLAN, an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") (the "Plan") and hereby alleges:

1.  This cause of action arises under Title I of ERISA, as amended, 29 U.S.C. §§ 1001-1191c, and is brought by the Secretary pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain other appropriate equitable relief as may be appropriate to redress violations and enforce the provisions of ERISA.

## Jurisdiction and Venue

2.  Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.  Pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the District of Oregon because at all relevant times, the Plan was administered in or around Eugene, Oregon, and the breaches took place in or around Eugene, Oregon, which lies within this district.

## Defendants

4.  The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5.  At all relevant times, the Company was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (C), and (G), 29 U.S.C. § 1002(14)(A), (C),

and (G); and exercised discretionary authority and control respecting the management and disposition of the Plan and its assets and exercised discretionary authority and responsibility in the administration of the Plan.

6. At all relevant times, Defendant Celeste Edman was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (F), and (H), 29 U.S.C. § 1002(14)(A), (F), and (H); and exercised discretionary authority and control respecting the management and disposition of the Plan and its assets and exercised discretionary authority and responsibility in the administration of the Plan.

7. At all relevant times, Defendant Todd Edman was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E), (F), and (H), 29 U.S.C. § 1002(14)(A), (E), (F), and (H); and exercised discretionary authority and control respecting the management and disposition of the Plan and its assets and exercised discretionary authority and responsibility in the administration of the Plan.

8. The Plan is named as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

## Factual Allegations

### Failure to Forward Withheld Employee Contributions and Participant Loan Repayments to the Plan

9. Paragraphs 1-8 above are re-alleged and incorporated herein by reference.

10. The Company was a digital marketing and web development firm headquartered in Eugene, Oregon. The Company, which was organized as a limited liability company in the state of Oregon on June 5, 2008, and converted to a corporation on March 12, 2014, conducted operations under the assumed business name of Lunar Logic. The Company ceased operations during 2019, and was administratively dissolved by the state of Oregon on August 6, 2020.

11.  The Company is owned by Defendants Celeste Edman and Todd Edman. Oregon Secretary of State filings for the Company report that, at all relevant times, Todd Edman was President and Celeste Edman was Secretary. Since August 2015, Celeste Edman has been Chief Executive Officer of the Company.

12.  The Plan was established by the Company, the Plan sponsor, to provide benefits to its employees upon retirement, death, or disability. The Plan was funded by employee and employer contributions.

13.  The Plan's governing documents, which are comprised of a Basic Plan Document and Adoption Agreement (Plan Document), identify the Company, as the Employer, Plan Administrator, and a named fiduciary. The Plan's governing documents further identify Defendants Celeste Edman and Todd Edman as discretionary Trustees of the Plan and named fiduciaries.

14.  The Company, in its capacity as Plan Administrator, had the responsibility under the Plan Document "to administer the Plan for the exclusive benefit of the Participants and their Beneficiaries."

15.  The Plan Document further obligated the Company to compute and certify "the sums of money necessary or desirable to be contributed to the Plan."

16.  Defendants Celeste Edman and Todd Edman served as fiduciaries with control over the Company and disposition of Plan assets.

17.  The Company paid its employees twice a month. The Company's practice was to withhold employee contributions and participant loan repayments from employee paychecks and forward those contributions to the Plan.

18.  Based upon a review of Company's payroll practices, the Secretary alleges that it was administratively feasible for the Company, under the direction of Defendants Celeste Edman and Todd Edman, to forward employee contributions and participant loan repayments to the Plan within seven business days from the date of withholding.

19. During the period from January 10, 2016, through April 10, 2019, the Company and Defendants Celeste Edman and Todd Edman caused the Company to withhold from employees' pay at least $26,734.33 for salary reduction employee contributions to the Plan and at least $1,730.08 for salary reduction participant loan repayments to the Plan, but failed to remit these amounts so withheld into the Plan's account. The Company, acting through Celeste Edman and Todd Edman, instead, retained and commingled the withheld employee contributions and participant loan repayments with its accounts and used the withheld employee contributions and participant loan repayments for non-Plan purposes. No lost opportunity costs for these non-remittances have been paid.

20. In addition to the employee contributions and participant loan repayments referred to in the paragraph immediately above, during the period from January 10, 2016, through April 10, 2019, the Company and Defendants Celeste Edman and Todd Edman caused the Company to untimely remit $24,144.09 in employee contributions and $2,762.96 in participant loan repayments. These employee contributions and participant loan repayments were between 1 and 421 days overdue when remitted to the Plan. No lost opportunity costs for these untimely remittance payments have been paid.

### Failure to Collect Delinquent Employer Contributions

21. Paragraphs 1-20 above are re-alleged and incorporated herein by reference.

22. The Company was required under the Plan Document to make safe harbor matching contributions to the Plan equal to 100% of the participant's elective deferrals up to 4% of the participant's annual compensation.

23. As Plan Administrator, the Company had the power under the Plan Document to appoint and remove Trustees as necessary "to ensure that the Plan is being operated for the exclusive benefit of the Participants and their Beneficiaries." Per the Plan Document, Defendants Celeste Edman and Todd Edman, the Trustees, were obligated "to collect any amounts owed to the Trust."

24. For the Plan Year ending December 31, 2017, the Company was required to pay the Plan $38,048.52 of employer matching contributions, but of that amount only paid $24,584.81, leaving $13,463.71 outstanding. For the Plan Year ending December 31, 2018, the Company was required to pay the Plan $12,085.53 of employer matching contributions, but failed to pay any of that amount.

25. Defendants Celeste Edman and Todd Edman, as Trustees, failed to collect from the Company the combined $25,549.24 of employer matching contributions that remain due to the Plan for Plan Years ending December 31, 2017 and 2018. Lost opportunity costs continue to accrue on the aforementioned delinquent and uncollected amounts.

26. The Company, under the direction of Defendants Celeste Edman and Todd Edman, failed to appoint a Trustee who would pursue collection of the delinquent employer contributions and related lost opportunity costs and failed to pursue the collection themselves.

## **Violations of ERISA**

27. By the conduct described in Paragraphs 9-26 above relating to the Plan, the Company and Defendants Celeste Edman and Todd Edman, acting in their fiduciary capacities:

    a. Failed to hold Plan assets in trust in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

    b. Permitted Plan assets to inure to the benefit of the Company and not for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    c. Failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      d.    Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      e.    Failed to act in accordance with the documents and instruments governing the Plan as required by ERISA § 404(a)(l)(D), 29 U.S.C. § 1104(a)(l)(D);

      f.    Caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

      g.    Dealt with assets of the Plan in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

28.    As a direct and proximate result of the breaches and violations set forth above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including restoration of all Plan losses and removal of such fiduciaries, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## **Prayer for Relief**

WHEREFORE, the Secretary prays for judgment:

      a.    Ordering the Company and Defendants Celeste Edman and Todd Edman to restore to the Plan any losses resulting from fiduciary breaches committed by them or for which they are liable;

      b.    Ordering the Company and Defendants Celeste Edman and Todd Edman to correct the prohibited transactions in which they engaged or in which they caused the Plan to engage;

  c. Permanently enjoining and restraining the Company and Defendants Celeste Edman and Todd Edman from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c;

  d. Removing the Company and Defendants Celeste Edman and Todd Edman as fiduciaries to the Plan;

  e. Permanently enjoining and restraining Defendants Celeste Edman and Todd Edman from serving as fiduciaries or service providers in connection with any ERISA covered plan;

  f. If necessary, ordering the appointment of an independent fiduciary to distribute recovered amounts to Plan participants;

  g. Awarding the Secretary the costs of pursuing this action; and

  h. Ordering such other relief as may be just and equitable.

Dated: May 25, 2021

ELENA GOLDSTEIN
Acting Solicitor of Labor

SUSAN G. KUMLI
Acting Regional Solicitor

*s/ Joshua P. Falk*
JOSHUA P. FALK
Senior Trial Attorney

Attorneys for Plaintiff