JANET M. HEROLD, Regional Solicitor
IAN ELIASOPH, Counsel for ERISA
California State Bar No. 227557
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7746
Facsimile: (415) 625-7772
Email: Eliasoph.Ian@DOL.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | Case No.: 6:21-cv-00797-MC |
| Plaintiff, | |
| v. | |
| CELESTIAL SOFTWARE, INC.; an Oregon corporation; | **CONSENT JUDGMENT & ORDER** |
| CELESTE EDMAN, an individual; | |
| TODD EDMAN, an individual; | |
| LUNAR LOGIC 401(K) PLAN, an employee benefit plan, | |
| Defendants. | |

Plaintiff EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), pursuant to his authority under Sections 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5),

CONSENT JUDGMENT & ORDER                                                                        1

has filed a Complaint against CELESTIAL SOFTWARE, INC. (the "Company"), CELESTE EDMAN ("Defendant C. Edman"), TODD EDMAN ("Defendant T. Edman"), and LUNAR LOGIC 401(K) RETIREMENT PLAN (the "Plan"), an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).[1] The Secretary, the Company, Defendant C. Edman and Defendant T. Edman (collectively, the "Parties") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment & Order ("Consent Judgment") in accordance herewith.

1. The Parties admit that the Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the District of Oregon pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

2. The Secretary has alleged that the Company, Defendant C. Edman and Defendant T. Edman are or were fiduciaries to the Plan as defined by ERISA, and violated Sections 403, 404, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, 1106, respectively, by failing to forward withheld employee contributions and participant loan repayments to the Plan, and failing to collect delinquent employer contributions, as alleged more fully in the Complaint.

3. The Secretary has alleged that as a result of the aforementioned violations of ERISA, the Company, Defendant C. Edman and Defendant T. Edman are jointly and severally liable for restitution to the Plan of these assets, as alleged more fully in the Complaint.

4. The Parties agree to entry of this Consent Judgment. The Parties further agree that this Consent Judgment shall fully settle all claims asserted by the Secretary in the Complaint.

5. The Company, Defendant C. Edman and Defendant T. Edman acknowledge receipt of the Complaint and hereby waive service of process of the Summons and the Complaint.

---

[1] The Plan is named in the Complaint as a party necessary for complete relief pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

CONSENT JUDGMENT & ORDER 2

6. The Parties expressly waive Findings of Fact and Conclusions of Law.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Company, Defendant C. Edman and Defendant T. Edman are jointly and severally liable for a total of $56,016.92 in losses plus lost opportunity costs to the Plan ("Plan Losses"), and judgment is hereby entered against them in that amount. Plan Losses are comprised of $26,734.33 in unremitted employee contributions, $1,730.08 in unremitted participant loan repayments, $25,549.24 in uncollected employer contributions, and $2,003.27 in lost opportunity costs. Lost opportunity costs are calculated applying the rate set forth in 28 U.S.C. § 1961 from the loss date(s) to the day before the Court's entry of an Order approving the Judgment. Interest accrues on the Judgment until paid at the rate set forth under 28 U.S.C. § 1961.

2. The Company, Defendant C. Edman and Defendant T. Edman shall restore the Plan Losses and any applicable post-judgment interest (collectively, "Judgment Amount") identified in Paragraph 1 as follows:

    a. No later than ninety (90) days after the Court enters this Consent Judgment, Defendant C. Edman and Defendant T. Edman shall establish or maintain a bank account in the name of the Plan ("Plan account") and shall deposit the Judgment Amount to the Plan account.

    b. Upon the restoration to the Plan account of the Judgment Amount, the Company, Defendant C. Edman and Defendant T. Edman will take all actions necessary to wind-up the Plan, including but not limited to: completing the termination of the Plan; determining and authorizing distributions to Plan participants and beneficiaries, and monitoring to ensure all assets are distributed within one (1) year of the Court's decision; approving the payment of only reasonable and necessary Plan fees and expenses; issuing Internal Revenue Service Forms 1099 for distributions made to Plan participants and beneficiaries; and filing a terminal Form 5500/5500-SF annual report for the Plan with the United States Department

of Labor, Employee Benefits Security Administration via the EFAST2 system at https://www.efast.dol.gov/welcome.html.

 c. In the event that the Company, Defendant C. Edman and Defendant T. Edman assert that they have insufficient funds to complete the actions in Paragraphs 2(a) and 2(b) above, within thirty (30) days of the entry of the Consent Judgment, the Company, Defendant C. Edman and Defendant T. Edman shall submit to the Regional Director of the United States Department of Labor, Employee Benefits Security Administration, San Francisco Regional Office ("Regional Director") a completed financial declaration for the Company (Exhibit A), for Defendant C. Edman and for Defendant T. Edman (Exhibit B) with the required supporting documentation.

 d. Should the Secretary or Court determine that the Company, Defendant C. Edman and Defendant T. Edman lack the means to comply with the Judgment (either partially or in full), the Company, Defendant C. Edman and Defendant T. Edman shall submit copies of their federal and state tax returns within thirty (30) calendar days of their filing, on an annual basis for a period of five (5) years, to the Regional Director at the below address. Should the Company's, Defendant C. Edman's and/or Defendant T. Edman's returns demonstrate the financial ability to pay any portion of the Judgment Amount, as evidenced by the Company reporting an annual taxable income at or exceeding $75,000, or Defendant C. Edman or Defendant T. Edman reporting an annual adjusted gross income at or exceeding $75,000 if filing individually, or $100,000 if filing together jointly, the Company, Defendant C. Edman and/or Defendant T. Edman shall initiate repayment of the Judgment Amount, either in full or in installment plan payments, following arrangements with a representative for the Regional Director.

 e. Upon motion by the Secretary, the Court may appoint an Independent Fiduciary of the Plan (IF) and order Defendant C. Edman and Defendant T. Edman to

CONSENT JUDGMENT & ORDER                     4

advance the reasonable costs and expenses of such IF at the time of the appointment. The IF may take all actions necessary to wind down the Plan.

3. Within ten (10) days of any partial or full payment of the Judgment Amount to the Plan account, the Company, Defendant C. Edman and Defendant T. Edman shall provide written proof to the Secretary by sending copies of both sides of the canceled check(s) or electronic wire(s) showing that the payment(s) made and deposited to the Plan account. If a copy of the back of the canceled check is not available, a copy of the appropriate bank statement shall be provided.

4. The Company, Defendant C. Edman and Defendant T. Edman agree that for the next ten (10) years or until the Plan is terminated as described in Paragraph 2(b) above, whichever comes first, they will (i) maintain records of the last known home and/or business address for all eligible Plan participants and beneficiaries, as of the date that the Court approves this Consent Judgment, and (ii) provide this information to the Secretary within ten (10) days of receipt of a request from the Secretary.

5. Should the Company, Defendant C. Edman and Defendant T. Edman change their respective addresses, phone number or email at any time during the next ten (10) years, the Company, Defendant C. Edman and Defendant T. Edman shall notify the Secretary of the change, in writing, within fifteen (15) calendar days.

6. Should the Secretary or Court determine that the Company, Defendant C. Edman and Defendant T. Edman lack the means to comply with the Judgment (either partially or in full), the parties expressly understand and agree that the Secretary's agreement to decline to bring a collection action at this time against the Company, Defendant C. Edman and Defendant T. Edman is based upon all of the financial information available at this time that has been provided by the Company, Defendant C. Edman and Defendant T. Edman, including statements made under penalty of perjury by Defendant C. Edman and Defendant T. Edman, to the Secretary during the course of the negotiations of this Consent Judgment and Order and that the Secretary has agreed to not seek any additional

monetary relief to the extent that such information is materially true and accurate to the best of the Company's, Defendant C. Edman's and Defendant T. Edman's knowledge at the time such information was provided.

7. If at any time the Secretary determines that the Company, Defendant C. Edman or Defendant T. Edman transferred assets for the purpose of avoiding disclosure or making full repayment to the Plan as set forth in this Consent Judgment, or materially misrepresented their respective financial conditions, or any financial documents submitted to the Secretary at any time in the future, the Secretary, by appropriate Motion, may reopen this case against the Company, Defendant C. Edman and Defendant T. Edman and seek restitution to the full extent of their liability to the Plan.

8. The Company, Defendant C. Edman and Defendant T. Edman agree that, in the event that the Company, Defendant C. Edman and/or Defendant T. Edman file for bankruptcy protection under any chapter of the United States Bankruptcy Code, within ten (10) calendar days of filing a petition in any United States Bankruptcy Court, the Company, Defendant C. Edman and/or Defendant T. Edman will notify the Regional Director, as listed in paragraph 9, of the bankruptcy filing and provide copies of the bankruptcy petitions. In the event that Defendant C. Edman and/or Defendant T. Edman file for bankruptcy protection under any chapter of the United States Bankruptcy Code, Defendant C. Edman and/or Defendant T. Edman will also, within thirty (30) calendar days of such filing, execute a stipulation with the Secretary and consent to the entry of an Order that the remaining unpaid balance due under this Consent Judgment and Order, with applicable interest calculated through the date that any of the individual Defendants file a bankruptcy petition, is a nondischargeable debt pursuant to Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4) ("Stipulation"). The Stipulation and entry of a subsequent Order shall further provide for the continued accrual of interest at the rate set forth in 26 U.S.C. § 6621 from the date the relevant nondischargeability Order is issued

until such time as the remaining unpaid balance due under this Consent Judgment and Order plus applicable interest is paid to the Plan in full.

9. Any correspondence to the Regional Director shall be sent to:
   Regional Director
   Employee Benefits Security Administration
   United States Department of Labor
   90 7th Street, Suite 11-300
   San Francisco, CA 94103-6712

10. The Company, Defendant C. Edman and Defendant T. Edman are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001-1191c.

11. For all purposes other than with respect to the actions required by Paragraphs 1 – 4 above, effective immediately upon the Court's entry of an Order approving the Judgment, the Company, Defendant C. Edman and Defendant T. Edman are hereby removed as fiduciaries to the Plan and the Company, Defendant C. Edman and Defendant T. Edman are permanently enjoined and restrained from serving as fiduciaries or service providers in connection with any ERISA covered plan.

12. The Company, Defendant C. Edman and Defendant T. Edman will be assessed a penalty pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l) ("502(l) Penalty") which will be 20% of the applicable recovery amount. The Company, Defendant C. Edman and Defendant T. Edman waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Upon assessment, payment of the 502(l) Penalty shall be made immediately unless the Company, Defendant C. Edman and Defendant T. Edman file a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87, and the Secretary agrees to waive or reduce the penalty. In the event that the Secretary does not agree to waive or reduce the penalty, the Company, Defendant C. Edman and Defendant T. Edman shall remit the 502(l) Penalty to the Secretary within sixty (60) calendar days of receipt of the Secretary's decision denying Defendants' petition. The Company, Defendant C. Edman and Defendant T. Edman may not

challenge the Secretary's decision regarding any petition submitted to waive or reduce the 502(l) Penalty.

13. The Company, Defendant C. Edman and Defendant T. Edman expressly waive any and all claims of any nature which he may have against the Secretary, the United States Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of, or in connection with, the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto, or based on the Equal Access to Justice Act, as amended.

14. The Parties shall each bear their own costs, expenses, and attorney's fees incurred in connection with any stage of this proceeding, including but not limited to attorney's fees which may be available under the Equal Access to Justice Act, as amended.

15. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration, in relation to the specific civil allegations set forth in this Complaint, or on any private party not named in this action.

16. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

17. By signing their names to this Consent Judgment, the Parties each represent that they are informed and understand the effect and purpose of this Consent Judgment.

18. Any person signing this Consent Judgment on behalf of a party expressly acknowledges and represents that he or she has the authority to sign for, and legally bind, that party.

19. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

//
//
//

The Court directs the entry of this Consent Judgment as a final order.

IT IS SO ORDERED.

Dated: June 15, 2021          s/Michael J. McShane

          United States District Judge

Entry of this Consent Judgment and Order is hereby consented to:

                        KATE O'SCANNLAIN
                        Solicitor of Labor

                        JANET M. HEROLD
                        Regional Solicitor

                        IAN H. ELIASOPH
                        Counsel for ERISA

Dated: _____    */s/ JOSHUA FALK* (Digitally signed by JOSHUA FALK, Date: 2021.05.24 16:45:32 -07'00')

                        IAN H. ELIASOPH
                        Counsel for ERISA
                        For Secretary of Labor

Dated: 11/24/20                        */s/*
                        Attorney for Defendant CELESTIAL
                        SOFTWARE, INC.

Dated: 10-15-20                      */s/*
                        Defendant CELESTE EDMAN

Dated: 10-15-20                      */s/*
                        Defendant TODD EDMAN